# EXHIBIT E

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Claudia Ray
To Call Writer Directly:
+1 212 446 4948
claudia.ray@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

January 8, 2020

**By E-Mail/Fedex**

Mr. William McNulty
Mr. Adam Szafran
Team Rubicon Global
1509 16th Street N.W., Suite 610
Washington, D.C. 20036

Re:   *Infringement of Team Rubicon Trademarks*

Dear Messrs. McNulty and Szafran:

We represent Team Rubicon, Inc. ("TRI") in connection with intellectual property matters. It has recently come to our client's attention that Team Rubicon Global ("TRG") has been using TRI's valuable intellectual property, including but not limited to TRI's trademarks, without TRI's consent. As discussed in greater detail below, TRG's apparent attempt to trade off of TRI's intellectual property rights is highly likely to mislead and confuse consumers of both TRG's services and those of TRI into believing, wrongly, that TRG is affiliated with, or sponsored by, TRI notwithstanding the December 9, 2019, termination of the Master License Agreement between TRI and TRG. Accordingly, TRI has no choice but to demand that TRG immediately comply with the demands set forth below, including but not limited to immediately ceasing and discontinuing its infringing use of TRI's trademarks.

### TRI's Valuable Intellectual Property

Since its founding as a non-profit organization in 2010, TRI has deployed across the United States and around the world to provide immediate relief to those impacted by disasters and humanitarian crises, be they domestic or international. TRI accomplishes its mission of serving communities in need by mobilizing veterans to continue their service, leveraging their skills and experience to help people prepare for, respond to, and recover from disasters and humanitarian crises. By combining the skills and experiences of military veterans with those of first responders and medical professionals, as well as technology solutions, TRI aims to provide the greatest service and impact possible.

## KIRKLAND & ELLIS LLP

Messrs. McNulty and Szafran
January 8, 2020
Page 2

    Significantly, TRI's charitable activities benefit not only the communities it serves, but also those veterans who support its activities. Through continued service, TRI aims to provide veterans with three things they often lose after leaving the military: (1) a purpose, gained through active involvement in disaster relief, (2) community, built by serving side by side with others to achieve a common goal and (3) identity, from recognizing the impact one individual can make, even in the midst of enormous devastation and tragedy. By coupling these benefits with leadership development and other opportunities, TRI looks to help veterans transition from military to civilian life.

    In furtherance of its charitable mission, TRI has developed various intellectual property assets. For example, it owns Registration No. 5,048,837 for [logo] and Registration No. 5,048,836 for TEAM RUBICON (collectively, the "TR Marks"). TRI has used both marks since 2010 in connection with (1) "Charitable services, namely, organizing volunteer programs to undertake charitable projects in the field of disaster response; conducting volunteer programs; association services, namely, promoting public awareness of first aid and disaster and crisis response programs and services and veteran reintegration; public advocacy to promote awareness of veteran's needs," (2) "Emergency medical response services; crisis response services, namely, deploying medical, military and other civil service experienced professional teams into emergency medical and crisis situations; disaster relief and rescue services, namely, providing emergency medicine, risk assessment and mitigation services to victims of natural and manmade disasters; disaster aid services, namely, providing field triage, relief operations, materials and assistance; providing first aid, supplies and other disaster relief materials and aid services, namely, medical supplies, food, shelter, and other relief materials and assistance to victims of disasters and those in need; provision of emergency medical response and disaster relief and medical aid services, namely, emergency medicine, risk assessment and mitigation services, field triage, relief operations, materials and assistance, by mobilized teams of civil service professionals and military veterans via mobilized command structures, social networking technology and employment of local nationals" and (3) "Providing consultation and information in the field of emergency response and natural and manmade disaster aid services for communities; Security services, namely, emergency and crisis response."

    The strength of the TR Marks is amply demonstrated by widespread favorable media coverage of its activities that extensively references the TR Marks. *See, e.g.,* https://idyllwildtowncrier.com/2020/01/02/team-rubicon-providing-wildfire-mitigation-support-in-idyllwild/ (discussing TRI's wildfire mitigation operation); https://www.wjtv.com/news/team-rubicon-helps-with-delta-flood-cleanup/ (discussing TRI's flood cleanup operation); https://nbc25news.com/news/local/team-rubicon-to-provide-relief-from-hurricane-dorian (discussing TRI's hurricane relief effort); https://www.pressdemocrat.com/news/10352113-181/team-rubicon-helps-sonoma-county (discussing TRI's wildfire cleanup assistance effort).

## KIRKLAND & ELLIS LLP

Messrs. McNulty and Szafran
January 8, 2020
Page 3


**TRG's Infringing Activities**

      As TRG is well aware, on October 9, 2019, TRI informed TRG that it was in material breach of Section 13(b)(iv) of the Team Rubicon Master Trademark License Agreement (the "Master TLA"), dated as of October 9, 2015. In light of TRG's failure to cure the material breach identified in TRI's October 9, 2019, letter, the Master TLA terminated on December 9, 2019. Unfortunately, it appears that notwithstanding the termination of the Master TLA, TRG has continued to use the TR Marks without TRI's consent or authorization, including without limitation (1) maintaining an active website located at <www.teamrubiconglobal.org> that displays the TRG name and logo, which marks and domain name all incorporate the TR Marks, (2) maintaining a page on LinkedIn displaying the TR Marks, and (3) continuing to use the TR Marks in connection with TRG's social media accounts, including but not limited to its Facebook, Twitter and Instagram accounts (all collectively, the "Infringing Activities").

      TRG's continued use of the TR Marks in connection with the Infringing Activities, notwithstanding the termination of the Master TLA, constitutes trademark infringement and unfair competition in violation of the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125, and under state law. In particular, your unauthorized use of the Infringing Marks falsely suggests that you have sponsored or are affiliated with TRI, such that consumers of your services are likely to be misled into believing there is some relationship between you and your services, on the one hand, and TRI and its services, on the other. *See, e.g., 2Die4Kourt v. Hillair Capital Management, LLC*, No. SACV 16-01304 JVS(DFMx), 2016 WL 4487895, at *5-6 (C.D. Ca. Aug. 23, 2016) (finding plaintiffs were likely to succeed on their claims for trademark infringement where defendant continued to use plaintiffs' trademarks following termination of license agreement and granting preliminary injunctive relief), *aff'd*, 692 Fed. Appx. 366 (9th Cir. 2017); *Delta Sigma Theta Sorority, Inc. v. Allen Professional Graphics Group, LLC*, 212 F. Supp. 3d 116, 119-120 (D.D.C. 2014) (finding that defendant infringed trademarks owned by plaintiff non-profit entity where defendant continued to use marks after termination of trademark license and granting preliminary injunctive relief).

      In light of TRG's ongoing, willful and deliberate infringement of the TR Marks, TRI has no choice but to hereby demand that TRG immediately (1) cease any and all uses of the TR Marks, including but not limited to use in any domain name, on any website, and/or on any social media platform; (2) remove any and all social media posts or other materials that TRG has distributed that depict the TR Marks; (3) inform vendors, customers, reviewers, and other third parties that TRG's services are not in any way affiliated with TRI; and (4) confirm in writing that TRG will refrain from any further uses of any designs or marks that are the same as or similar to the TR Marks.

## KIRKLAND & ELLIS LLP

Messrs. McNulty and Szafran
January 8, 2020
Page 4

    Please confirm by no later than January 15, 2020, that TRG will comply with the above demands. In the event that TRG do not comply, TRI will have no choice but to pursue any and all remedies available to it under federal and state law, including but not limited to seeking injunctive relief, damages, and attorneys' fees. *See, e.g.,* 15 U.S.C. §§ 1114, 1117.

    Nothing contained herein is intended, nor should be construed, as a waiver, express or implied, of any rights, remedies, claims or defenses held by TRI, all of which are hereby expressly reserved.

Sincerely,

Claudia Ray

cc: Mr. Jake Wood
John Pitts, Esq.
Gregg Kirchhoefer, Esq.