# EXHIBIT J

**Jeff G. Hammel**
Direct Dial: 212.906.1260
Jeff.Hammel@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 1, 2020

**VIA EMAIL**

Sara George
Sidley Austin LLP
70 St. Mary Axe
London EC3A 8BE
United Kingdom

      Re:      Infringement of Team Rubicon's Trademarks And Violation of Judge Swain's May 19, 2020 Order

Dear Ms. George:

      Recognizing that we had a phone call last week and that Team Rubicon and TR-UK are now in direct communication regarding the potential resolution of this dispute, I am formally responding to your email of May 28, 2020 so there is no uncertainty about Team Rubicon's position on the issues you address and to further what we hope is a constructive dialogue. In that vein, while I disagree with several of the characterizations in your letter, I do not believe it will be productive to engage in a point-by-point response.

      That said, your letter appears to be based on a fundamental misapprehension that Team Rubicon has actively "sought an injunction against a British charity." As I am sure you are aware, on March 24, 2020, and against Team Rubicon's request that TRG, Team Rubicon, and each of the TR-Xs participate in a private mediation to try to resolve their differences, TRG unilaterally filed a lawsuit against Team Rubicon in federal court seeking a declaratory judgment. After that lawsuit was filed, Team Rubicon again requested that the parties to the litigation and the TR-Xs participate in a mediation. TRG refused and instead filed a motion for a preliminary injunction against Team Rubicon. Unfortunately, that motion forced Team Rubicon to file its own motion to protect its contractual rights under the MLTA. We agree that TRG's conduct was unfortunate and thrust what we hoped could be a private dispute into a very public sphere and has required Team Rubicon to move forward for interlocutory injunctive relief given TRG sought such relief to preclude Team Rubicon from asserting its contractual rights. As a natural result of TRG's strategic decisions, on May 19, the Court issued a broad injunction prohibiting certain use of Team Rubicon's intellectual property by TRG and those acting in concert with TRG.

LATHAM&WATKINS LLP

On May 22, we informed TR-UK of this Order in hopes of engaging in a dialogue regarding options for TR-UK to continue charitable work in light of the Order, including transitioning away from use of the TR Marks over a set period of time that would protect Team Rubicon's trademark rights while still allowing TR-UK to provide its relief services. Again, we understand that those discussions are now being held by the principals of both organizations, and we hope that a resolution is reached in the short term.

Moreover, we disagree and take issue with your accusation that we have "fundamentally misrepresented facts" to the Court. We have not, and the record speaks for itself. Nevertheless, we see no marginal benefit to either side engaging in such a debate at this time, particularly where our hope is to open a dialogue for ways to resolve both Team Rubicon's and TR-UK's concerns amicably. We similarly see little benefit in responding to threats—legal or otherwise—against our client which will only continue to damage our respective organizations and take time and attention away from the charitable work that is the cornerstone of both organizations' missions.

As I mentioned during our phone call this week, Team Rubicon continues to be sensitive to the challenges brought on by the pandemic and the role charitable organizations play in providing much needed support in local communities. In recognition of those challenges, notwithstanding the Court's clear Order prohibiting use of the TR Marks by TRG and those acting in concert with TRG, Team Rubicon has taken several steps to ensure minimal disruption of TR-UK's operations while negotiations continue between Team Rubicon and TR-UK. These steps include ongoing and prompt coordination between Team Rubicon and service providers and social media companies to continue or restore TR-UK's access to email and other social media resources (which we understand are operational at present). As Team Rubicon noted in separate correspondence, it confirmed to Instagram that it merely sought to disable TRG's account and not any other accounts.

Furthermore, as noted above and as we have discussed, Team Rubicon does not want to disrupt TR-UK's charitable missions. To this end, Team Rubicon is amenable to having TR-UK continue to operate and utilize TR-branded trucks and other equipment for the time being, with the understanding that TR-UK will not be manufacturing or purchasing new products or equipment going forward bearing the TR Marks. We further see no issue with (and have no objection to) TR-UK utilizing funds obtained by or donated to TR-UK utilizing the TR Marks prior to notice of the Court's Order. We see this as a reasonable proposal that allows TR-UK to continue serving in the local community with minimal or no disruption. We are happy to entertain other solutions or concerns as well, and again, are hopeful that a more structured and permanent resolution, including an orderly transition period, can be reached by the organizations.

In the meantime, we remain available to discuss constructive solutions to both Team Rubicon's and TR-UK's respective concerns.

LATHAM&WATKINS LLP

Sincerely,

/s/ Jeff G. Hammel
Jeff G. Hammel
Of LATHAM & WATKINS, LLP