UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TEAM RUBICON GLOBAL, LTD.,

       Plaintiff and Counter Defendant,

  -v-                                                        No.  20-CV-2537-LTS-KNF

TEAM RUBICON, INC.

       Defendant and Counter Claimant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

       Plaintiff and Counter Defendant Team Rubicon Global, LTD. ("Plaintiff" or "TRG") moves for an order staying the Court's May 19, 2020, Memorandum Opinion and Order Granting Defendant's Motion for Preliminary Injunction and Denying Plaintiff's Motion ("May Order") and for an order conditioning the preliminary injunction on the posting of security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure if the stay application is denied. (Docket Entry Nos. 61-67.)  On May 27, 2020, the Court granted Plaintiff's request for expedited briefing of the motion.[1]  (Docket Entry No. 70.)  On June 2, 2020, Defendant and Counter Claimant Team Rubicon, Inc. ("Defendant" or "TRI") filed its opposition.  (Docket Entry Nos. 77-80.)  Plaintiff filed its reply on June 4, 2020.  (Docket Entry Nos. 81-88.)  On June 11, 2020, Defendant filed a surreply.[2]  (Docket Entry Nos. 91-94.)  The Court has considered carefully the parties' submissions and, for the following reasons, Plaintiff's motion for a stay is denied and its

---

[1] The next day, on May 28, 2020, Plaintiff requested an order immediately staying the May Order.  (Docket Entry No. 71.)  After the parties filed several rounds of responsive letters, the Court denied Plaintiff's request.  (Docket Entry No. 75.)

[2] On June 8, 2020, TRI requested and received permission to file a surreply to respond to new arguments raised by TRG in its reply.  (Docket Entry Nos. 89 and 90.)

motion for an order conditioning the preliminary injunction on the posting of security is granted to the extent set forth herein.

Familiarity with the facts of this case, which are set forth in detail in the Court's May Order, is presumed. Capitalized terms not otherwise defined herein have the meanings set forth in the Court's May Order.

Motion for Stay Pending Appeal

Plaintiff requests a stay of the May Order "pending the resolution of an appeal from the order . . . (or, in the alternative, a stay until the Court of Appeals rules on the question of a stay)." (Docket Entry No. 62 at 1.) Four factors are relevant in considering whether to issue a stay of an order of a district court pending appeal: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002).[3] "[T]he test for a stay is essentially the same as the test for a preliminary injunction." Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin., 884 F. Supp. 2d 108, 122 n.12 (S.D.N.Y. 2012) (internal quotation marks omitted).

The Court has already determined that these factors do not weigh in Plaintiff's favor. First, the Court has determined that "Plaintiff is incapable of demonstrating a likelihood of success on the merits of its claims" "[i]n light of the clear likelihood of success on the merits of Defendant's breach of contract and trademark infringement claims." (May Order at 15.)

---

[3] Plaintiff argues that the Court "must also consider how the absence of a stay impacts third parties." (Docket Entry No. 82 at 4.) However, the cases that Plaintiff cites in this regard are neither binding nor factually apposite. The controlling cases that Plaintiff cites only require the Court to consider "whether issuance of the stay will substantially injure other parties interested in the proceeding." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (emphasis added); see also Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott, 571 U.S. 1061 (2013) (same).

Plaintiff asserts that the Court failed to consider certain evidence contradicting the determination that "Plaintiff failed to timely respond to the September and October letters with an indication that it was in compliance with the remedial actions delineated in the September letter." (Docket Entry No. 82 at 7.)  Plaintiff points to a September 8, 2019, email from Geoff Trukenbrod (of TRG) to Adam Miller (of TRI) in support of this contention.  (Second Supplemental Declaration of William McNulty, Docket Entry No. 53, Ex. 15.)  However, the September 8, 2019, email simply identifies intended future action—it "provid[ed] no indication that [TRG] was undertaking any action to remediate the CEOs' misconduct in the manner required by the September letter." (May Order at 7.)  Plaintiff still has failed to proffer any evidence that it responded to TRI's October letter.  Thus, the September 8, 2019, email from Geoff Trukenbrod (of TRG) to Adam Miller (of TRI) was immaterial to the Court's determination that TRI is likely to succeed on the merits of its claims.

Second, the Court has determined that, in the absence of the injunction, there would be substantial injury to Defendant ("the party opposing [the] stay") based on (i) the irreparable harm presumed in the MTLA and (ii) the likelihood of confusion created by Plaintiff's continued use of the TR Marks, which would likely cause Defendant to lose donations and valuable partnerships.  (May Order at 14.)  Third, the Court has determined that granting Defendant's injunction favors the public interest because (i) the public has an interest in strict enforcement of contract provisions and trademark law and (ii) the high likelihood of confusion created by Plaintiff's status as a former licensee could hinder Defendant's disaster relief efforts, which directly benefit the public.  (May Order at 14-15.)  Plaintiff has not proffered any basis for the Court to reach different conclusions as to any of these considerations now.

Plaintiff has also failed to demonstrate that it will suffer irreparable harm if the stay is denied.[4] The harm Plaintiff describes, such as loss of funds invested in the TR-Xs and payments to retain employees, is primarily financial in nature and can be remedied with money damages. Moreover, an alleged infringer "cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012). Staying the May Order would allow Plaintiff to continue to use the TR Marks without a license and in violation of the MTLA, creating irreparable harm for Defendant, rather than Plaintiff.

For these reasons, the Court denies Plaintiff's request for a stay pending resolution of its appeal of the May Order and its alternative application for a stay pending a determination by the Court of Appeals as to whether to stay the injunction pending resolution of the appeal.

Motion for Security

Plaintiff asserts that "TRI must be required to post security sufficient to cover TRG's damages if the injunction proves to be wrongful." (Docket Entry No. 62 at 11.) Defendant argues that no bond should be required because the parties agreed in the MTLA that Defendant would not be required to post a bond in seeking injunctive relief for breach. (Docket Entry No. 78 at 19-20.) The Court notes that neither party addressed the issue of a bond in the course of the underlying preliminary injunction motion practice.

"[U]nder Fed. R. Civ. P. 65, the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the trial court."

---

[4] Plaintiff asserts that it will be irreparably harmed in the absence of a stay because "[t]he injunction forces TRG to cease operations entirely." (Docket Entry No. 62 at 1.) Plaintiff's assertion is unfounded. The May Order enjoins Plaintiff from continuing to use the TR Marks. It does not, in any other way, prohibit TRG from continuing its operations.

Clarkson Co. v. Shaheen, 544 F.2d 624, 632 (2d Cir. 1976) (citations omitted).  Section 16 of the MTLA provides that, "[u]pon breach of this Agreement by Licensee, Licensor shall be entitled to . . . injunctive relief in any court of competent jurisdiction without the need to post a bond or provide an undertaking."  (Declaration of Jacob Wood ("Wood Decl."), Docket Entry No. 33, Ex. H (the "MTLA"), at 11.)  Section 16 does not specifically refer to preliminary injunctive relief and the Court has not made a final determination that TRG has breached the MTLA.  It is unclear whether the parties intended to waive the filing of a bond in connection with preliminary injunctive relief, and the Court therefore concludes that it is appropriate to require TRI to post a bond pending a final determination on the merits of its claims.

TRI is hereby directed to post a bond in the amount of $1,000,000, which represents an approximation, based on information proffered by the parties, of TRG's projected revenue for 2020, calculated by applying an unchallenged compound annual growth rate of negative 35 percent for cash contributions and negative 12 percent for value in kind to TRG's 2019 revenue figures, no later than **June 19, 2020**.  (See Declaration of David Fascincato, Docket Entry No. 64, Ex. B; see also Declaration of Dana Barata, Docket Entry No. 79, ¶¶ 5-6.)  The bond shall be posted with the Clerk of Court in cash (which will be held in the interest-bearing CRIS Account) or in the form of a letter of credit.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to stay the May Order is denied and Plaintiff's request to set bond is granted.  It is hereby ordered that Defendant shall post security with the Clerk of Court in the amount of one million Dollars ($1,000,000), in cash or in the form of a letter of credit.  The security must be posted by **June 19, 2020**.

This case remains referred to Magistrate Judge Fox for general pretrial management.

Docket Entry No. 61 is resolved.

SO ORDERED.

Dated: New York, New York
June 12, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge