UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TEAM RUBICON GLOBAL LTD., a          :
Delaware Corporation,
                                      :
                    Plaintiff,
                                      :
         v.
                                      :         **ORDER**
TEAM RUBICON, INC. a Minnesota
Corporation,                          :         20-CV-2537 (LTS) (KNF)

                    Defendant.        :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a letter, dated September 30, 2020, the plaintiff reported that it "has taken issue with several aspects of the Disputed Discovery," and represented to the Court that: (1) "[n]o documents have yet been produced"; (2) on September 25, 2020, the plaintiff "provided a draft of this letter to counsel for [the defendant] and requested that [the defendant] insert its position as to the discovery matters on which the parties are at an impasse"; (2) on September 28, 2020, the defendant's counsel "replied, stating that [the defendant] does not believe the parties to be at an impasse"; and (3) the plaintiff "disagreed and again asked [the defendant] to insert its positions into this letter pursuant to Rule 2(A)" by "the end of the day on September 29, 2020," which the defendant failed to do. Docket Entry No. 103. The defendant respondent by a letter dated October 1, 2020, asserting that the plaintiff's letter "misstates the nature of the parties' disagreements on discovery issues, which, to the extent they may exist at all, are minor and not ripe or appropriate for the Court's attention at this time" and the defendant represented to the Court that it: (a) on September 30, 2020 it started producing documents to the plaintiff on a rolling basis; (b) "remains willing to engage in good faith negotiations to resolve the issues

1

raised" by the plaintiff; and (c) it is "confident that most, if not all, of these issues can be resolved without expending the Court's valuable resources." Docket Entry No. 104. By a letter dated October 5, 2020, the plaintiff requested that the Court: (i) strike the defendant's October 1, 2020 letter for failure to be "in accordance with the Rules of this Court"; and (ii) conduct an informal discovery conference, which the plaintiff "continues to believe is necessary." Docket Entry No. 105.

The Court has considered the parties' letters and their respective representations, including: (1) the plaintiff's failure to make citation to legal authorities in support of certain discovery issues it raised; and (2) the fact that the defendant started producing documents on the same date on which the plaintiff filed its letter raising certain discovery issues with the Court, as well as the defendant's willingness to work in good faith with the plaintiff and its confidence that "most, if not all, of these issues can be resolved without expending the Court's valuable resources." The Court is not convinced that the parties exhausted their good faith efforts to resolve any remaining discovery issues without the Court's assistance. Accordingly, the plaintiff's request for a pre-motion conference, Docket Entry No. 103, is denied as premature.

Dated: New York, New York
      October 5, 2020                                        SO ORDERED:

                                                                                             *Kevin Nathaniel Fox*
                                                               KEVIN NATHANIEL FOX
                                                               UNITED STATES MAGISTRATE JUDGE