Matthew S. Salerno
Direct Dial: 1.212.906.4738
Matthew.Salerno@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

March 2, 2021

**VIA ECF**

Hon. Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Team Rubicon Global, LTD. v. Team Rubicon, Inc.*,
            Civil Action No. 1:20-cv-02537-LTS-KNF

Dear Judge Fox:

      Defendant and Counterclaim-Plaintiff Team Rubicon, Inc. ("Team Rubicon") respectfully requests a pre-motion conference to address certain discovery disputes with Plaintiff and Counterclaim-Defendant Team Rubicon Global Ltd. ("TRG"). Specifically, TRG has refused to comply with its basic discovery obligations, including by: (i) failing to produce *any* documents; (ii) refusing to address Team Rubicon's concerns regarding TRG's collection and review methodology; and (iii) refusing to enter a reasonable protective order governing the treatment of confidential information. Team Rubicon has tried in good faith to resolve these issues directly with TRG, including by sending detailed letters and follow-up correspondence outlining Team Rubicon's positions on the outstanding discovery issues and requesting responses on February 11, 2021, February 17 and 22, to which TRG did not respond. On March 1, 2021, Team Rubicon notified TRG of its intent to raise these issues to the Court pursuant to this Court's Individual Rule of Practice 2(A), and asked again that TRG provide its positions on each dispute. TRG again did not respond to Team Rubicon's requests. The Court's immediate intervention is now necessary in light of TRG's failure to engage in discovery and the Court's April 15 discovery deadline.

## 1.    PRODUCTION OF DOCUMENTS

**Team Rubicon's Position**: On August 27, 2020, Team Rubicon served 39 narrowly-tailored requests for production of documents from TRG. The majority of these requests seek documents within a narrow six-month window. TRG has produced no documents in this litigation and claims it is not required to do so until "[all of TRG's] objections [to the RFPs] are resolved" and Team Rubicon's "Request[s] [are] appropriately limited," a position with no legal basis. Team Rubicon attempted to resolve these objections, including via correspondence on September 17, October 16 and 27, and February 11, and by requesting meet and confers. TRG did not respond to these letters or Team Rubicon's efforts to address specific objections. TRG must produce

responsive documents immediately, as "[a]sserting boilerplate objections to every request made . . . [without] producing any document[s], amounts to a blanket refusal to participate in discovery and . . . discovery abuse." *Freydl v. Meringolo*, 2011 WL 2566087, at *4 (S.D.N.Y. 2011).

**TRG's Position**: TRG declined to provide any position on this issue, despite multiple requests.

## 2. REVIEW PROTOCOL AND PRODUCTION METHODOLOGY

**Team Rubicon's Position**: TRG informed Team Rubicon that it would not be engaging a discovery vendor for collection and production of its email, and that instead, TRG's own custodians would self-collect, search, and review their own documents. Such methodology is ripe for mistake and misuse. *See, e.g., Pension Committee of the Univ. Of Montreal Pension Plan v. Banc of Am. Sec. L.L.C.* 685 F.Supp.2d 456, 477 (S.D.N.Y.2010) (holding that a party's "fail[ure] to execute a comprehensive search for documents and/or [an attorney's failure] . . . to sufficiently supervise or monitor [ ] document collection was best characterized as either grossly negligent or negligent"). Team Rubicon has asked TRG's counsel to articulate its processes and procedures for monitoring and carrying out its collection and review consistent with its obligations. TRG has not responded, raising significant concerns regarding TRG's practices and the comprehensiveness of TRG's searches and review.

**TRG's Position**: TRG declined to provide any position on this issue, despite multiple requests.

## 3. PROTECTIVE ORDER

**Team Rubicon's Position**: The claims and defenses in this matter call for the production of documents and testimony containing sensitive personal information (including related to issues of sexual harassment) as well as sensitive business information and trade secrets. A two-tiered protective order is therefore necessary to protect against disclosure of such information. *See Chembio Diagnostic Sys. v. Saliva Diagnostic Sys.*, 236 F.R.D. 129, 136 (E.D.N.Y. 2006) ("Courts routinely direct that confidential trade secret information be produced subject to the terms of a confidentiality order[.]"). TRG refuses to agree to the entry of a stipulated protective order or take other measures for the protection of the parties' respective confidential documents.

**TRG's Position**: TRG declined to provide any position on this issue, despite multiple requests.

Respectfully submitted,

/s/ Matthew S. Salerno
Matthew S. Salerno
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)