UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TEAM RUBICON GLOBAL LTD., a :
Delaware Corporation,
 :
              Plaintiff,
 :
    v.
 :   **ORDER**
TEAM RUBICON, INC. a Minnesota
Corporation, :   20-CV-2537 (LTS) (KNF)

             Defendant. :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By a letter, dated March 2, 2021, defendant Team Rubicon, Inc. requested "a pre-motion conference to address certain discovery disputes" with plaintiff Team Rubicon Global Ltd. The defendant asserts it

> has tried in good faith to resolve these issues directly with TRG, including by sending detailed letters and follow-up correspondence outlining Team Rubicon's positions on the outstanding discovery issues and requesting responses on February 11, 2021, February 17 and 22, to which TRG did not respond. On March 1, 2021, Team Rubicon notified TRG of its intent to raise these issues to the Court pursuant to this Court's Individual Rule of Practice 2(A), and asked again that TRG provide its positions on each dispute. TRG again did not respond to Team Rubicon's requests. The Court's immediate intervention is now necessary in light of TRG's failure to engage in discovery and the Court's April 15 discovery deadline.

The defendant failed to: (1) meet and confer meaningfully with the plaintiff; and (2) comply with Rule 2.A of the Court's Individual Rules of Practice. "[S]ending detailed letters and follow-up correspondence outlining Team Rubicon's positions on the outstanding discovery issues and requesting responses on February 11, 2021, February 17 and 22, to which TRG did not respond" does not satisfy the meet and confer requirement. The defendant does not explain: (i) why its attorney did not contact the defendant's attorney via telephone or a video-conference platform

1

such as Zoom, in a good faith attempt to resolve the dispute without the Court's assistance; (ii) what, if anything prevented it from doing so; or (iii) what attempt it made, other than "requesting responses" in its correspondence, to find out the reason(s) for the defendant's failure to respond to its requests.  It is not the first time in this action that the parties failed to meet and confer in good faith concerning their discovery issues and rushed to file their letters requesting a conference without meeting and conferring.  This type of conduct is not acceptable and may be subject to sanctions.  The parties are on notice that any future failure: (a) to meet and confer meaningfully and in good faith via telephone or a video-conference platform, such as Zoom; and (b) to comply with Rule 2.A of the Court's Individual Rules of Practice, will result in denial of the request for relief.  Exchanging written correspondence only will not suffice to satisfy the parties' meet and confer obligation.

The defendant's request for a pre-motion conference, Docket Entry No. 112, is denied. On or before March 8, 2021, the parties shall: (1) meet and confer via telephone or a video-conference platform, such as Zoom; and (2) attempt in good faith during that meeting to resolve all outstanding discovery disputes without the Court's assistance.

Dated: New York, New York
       March 4, 2021                                SO ORDERED:

                                                    _____
                                                    KEVIN NATHANIEL FOX
                                                    UNITED STATES MAGISTRATE JUDGE