# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAM RUBICON GLOBAL, LTD., a Delaware Corporation<br><br>Plaintiff,<br>v.<br><br>TEAM RUBICON, INC., a Minnesota Corporation<br><br>Defendant. | Civil Action No. 1:20-cv-02537-LTS-KNF<br><br>**NOTICE OF BANKRUPTCY AND AUTOMATIC STAY** |
| TEAM RUBICON, INC., a Minnesota Corporation<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>TEAM RUBICON GLOBAL, LTD., a Delaware Corporation<br><br>Counterclaim Defendant. | |

## NOTICE OF BANKRUPTCY

**PLEASE TAKE NOTICE** that on March 5, 2021, Team Rubicon Global, Ltd. ("**Team Rubicon Global**"), Plaintiff and Counterclaim Defendant in the above-captioned case, (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtor's filing of its voluntary petition operates as a stay, applicable to all entities, of, among other things, (a) the commencement or continuation of a judicial, administrative, or other

action or proceeding against the Debtor (i) that was or could have been commenced before the commencement of the Debtor's case, or (ii) to recover a claim against the Debtor that arose before the commencement of the Debtor's case; (b) the enforcement, against the Debtor or against any property of the Debtor's bankruptcy estate, of a judgment obtained before the commencement of the Debtor's case; or (c) any act to obtain possession of property of or from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.  No orders have been entered in the bankruptcy case granting relief from the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the status of the Debtor's Chapter 7 Case may be obtained by reviewing the dockets of the Debtor's bankruptcy case at http://www.deb.uscourts.gov (PACER login and password required).

Finally, **PLEASE TAKE FURTHER NOTICE,** of the attached letter by William McNulty, founder and CEO of Team Rubicon Global and co-founder of Team Rubicon, Inc. (Team Rubicon USA), attached as **Exhibit A,** related to Team Rubicon Global's bankruptcy filing.

DATED: March 3, 2021

Respectfully submitted,

**KESSELMAN BRANTLY STOCKINGER LLP**

　　*/s/ Majed Dakak*
Majed Dakak*
Amy Brantly
Mark Paluch*

*Pro hac vice admission*

Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, CA 90266
Telephone: (310) 307-4555
Facsimile: (310) 307-4570
*abrantly@kbslaw.com*

- 2 -

- 3 -

*mdakak@kbslaw.com*
*mpaluch@kbslaw.com*

*Attorneys for Plaintiff*
TEAM RUBICON GLOBAL, LTD.

# EXHIBIT A

March 5, 2021

Dear Team Rubicon Community and Honorable Judge Laura Taylor Swain,

We can only imagine the difficulty this Court faces every day when trying to make objective decisions that will impact the lives of ordinary people. We write to explain why our disaster relief non-profit Team Rubicon Global (TRG) must now file for bankruptcy.

Since TRG's initial filing in March 2020, the Court has preliminarily rejected TRG's argument that the CEOs of TR-USA and TR-Canada attempted to unlawfully dismantle TRG's international network of country units. The Court awarded TR-USA a preliminary injunction against TRG from using the Team Rubicon brand. In doing so, the Court granted favor to TR-USA by reading language into the Master Trademark License Agreement that TRG respectfully believes does not exist.

The Court suggested that TRG could just rebrand. TRG was created to support a network of co-branded country units that serve together under common standards and operating procedures. Australia and the UK have independently rebranded since the preliminary injunction and no longer wish to be associated with a networked model. Canada has taken a direct license from TR-USA. The CEO of TR-USA personally contacted TRG's funders falsely suggesting that TRG was complicit with sexual harassment. Divested of its network and funders, TRG is left without a mission and resources and has no choice - it must cease operations.

The Court also held TRG responsible for not responding within the 60 day cure period (TRG's prior CEO sent a formal response on the 69th day). However, the MTLA only requires that TRG cure within 60 days, not provide a written response. The case which TRG brought before the Court is complex. We wish that the Court could have allowed the facts to develop further before making its decision on a preliminary injunction.

While TRG must accept the Court's decision, TRG still maintains that TR-USA terminated the license agreement with unclean hands. Due to this decision, TRG will no longer expand the model of veteran-led disaster response to new countries.

Divested of its network of country units, TRG can no longer exist. Divested of its resources, TRG cannot afford litigation and must file for bankruptcy. It is our regret that a jury will not decide the outcome of this case.

Respectfully,

William McNulty (on behalf of the Board of Directors)
Founder & CEO, Team Rubicon Global
Cofounder, Team Rubicon USA